PER CURIAM.
This is an appeal from Tax Court judgments affirming judgments of the County Tax Board and, for one year by direct appeal, a municipal assessment. Plaintiff is the owner of a two-story garden apartment complex in the Borough of Sea Bright consisting of 52 units on a lot 150.ft. X 180 ft. known as *624 Yacht Harbor Apartments. For the tax years 1976 to 1980 inclusive, the defendant Borough of Sea Bright assessed the property at $893,650. As a result of appeals, the County Tax Board reduced the assessment for the year 1976 to $843,650; however, for the tax years 1977, 1978 and 1979, the municipal assessment of $893,650 for each year was affirmed. A similar municipal assessment of $893,650 was made for 1980 and was before the Tax Court on direct appeal.
Following a hearing, the Tax Court, 6 N.J.Tax 353, found that the plaintiff had not met its burden of showing that the assessment was incorrect and that, therefore, the presumption of the correctness of the action of the County Board or, in the case of the 1980 assessment, the local taxing authority controlled and the complaints and petitions were therere dismissed. See Aetna Life Ins. Co. v. Newark, 10 N.J. 99, 105, 89 A.2d 385 (1952).
In making its determination, the Tax Court found that the taxpayer had failed to produce sufficient competent evidence to establish a true valuation of the property at variance with the assessment so as to overcome the presumption that the assessment was correct and, indeed, that the taxpayer had failed to produce sufficient competent evidence to establish any valuation. This conclusion found its basis in the Tax Court Judge’s finding that the valuation urged by the taxpayer was based solely on expert opinion which was of no evidential value because it was not supported by facts in the record. In other words, since the only evidence produced was a net opinion, the lack of competent proof of value has brought into play the presumption of correctness and made unnecessary the consideration of any claim of discrimination.
We agree with Judge Rimm in that the opinion of the real estate expert could have been determined to be a net opinion on this record and affirm his action as to that point substantially for the reasons expressed in his opinion. We disagree, however, with his conclusion that no competent proof of value was presented such as would permit consideration of *625 the discrimination claim. The subject property had been sold in 1973 and again in 1978. There was evidence before the Court as to these sales and that they were arm’s length transactions. Such sales, while not conclusive as to fair market value, are evidential. See N.J. Highway Authority v. Rudd, 36 N.J.Super. 1, 4-5, 114 A.2d 721 (App.Div.1955). In the instant case, it may be argued that the sales prices may even have been high because of favorable financing arrangements. We note, however, that even if the figure were high the assessor noted that, at least for 1980, the application of the appropriate ratio to the sales price would result in an appreciable reduction in plaintiff’s assessment.
The matter is remanded to Judge Rimm for further consideration of the question of value in light of the evidence of the two sales of the property in question. We do not retain jurisdiction.