MENYUK, J.T.C.
This is a local property tax appeal of a judgment of the Monmouth County Board of Taxation affirming an assessment on a vacant parcel of land for the tax year 2002. The matter was tried on September 3, 2003. At the close of plaintiffs ease, the defendant municipality, Wall Township, moved for dismissal. For the reasons set forth in a bench opinion, I granted the motion. Plaintiff Susan Passarella filed a notice of appeal with the Superior Court, Appellate Division, on or about October 10, 2003. This opinion is written to amplify my bench opinion in this matter, as permitted by R. 2:5-1(b).*
The subject property, consisting of 3.17 acres of vacant land, was assessed as land only, at $157,000. The assessment in issue was part of a complete revaluation which was placed in effect for Wall Township for tax year 2002. Plaintiff called defendant’s assessor to testify regarding the work performed by the revaluation firm (the “firm”) with respect to the subject property. The assessor reviewed a document prepared by the firm in connection with the revaluation, which indicated a value of $314,000 for the subject, reduced by 50% because of the presence of wetlands. *601 The firm’s recommendation was accepted by the assessor and resulted in the assessment of $157,000.
The plaintiff introduced evidence indicating that 70%, or approximately two acres of the subject property, consisted of wetlands. When asked whether the value of the property as found by the revaluation firm should have been reduced by 70%, rather than 50%, the assessor testified that the wetlands had some value as part of the entire three acre parcel, and that a 70% reduction would have been inappropriate.
Plaintiff testified that she purchased the property in April 1999 for $35,000. She stated that she had no knowledge of real estate, but had made the purchase on the advice of her father. She also testified that she was unaware of the existence of wetlands on the property at the time of her purchase. On cross-examination, she indicated that the property may have been owned by her uncle at one time. There was also testimony to the effect that the subject property adjoined that of property owned by a limousine company which was owned by plaintiffs family.
Plaintiffs principal witness was an appraiser who had prepared an appraisal report in April 2000 for the subject property in connection with a tax appeal for tax year 1999. The date as of which the expert had valued the property for that appeal was October 1,1998, the valuation date for tax year 1999. His opinion as to the value of the property as of October 1, 1998 had been $35,000, the price paid by plaintiff for the subject. Plaintiffs expert had nevertheless disclaimed reliance on that sale in his report, because there were circumstances surrounding the sale which indicated to him that the sale to plaintiff was not a market value sale. He used the comparable sales approach to reach his opinion of value, using four comparable sales that took place in October 1997, December 1998, April 1999, and June 1999.
Plaintiffs expert had not prepared a report for the current litigation challenging the 2002 tax assessment. The relevant valuation date for tax year 2002 is October 1, 2001. He stated that when he was approached to give a value opinion for this litigation, he was busy and did not think it was worth it to prepare *602 a new report. He testified that nothing had happened since he had prepared his report for tax year 1999 which would change his opinion as to the value of the property. He opined that, as of October 1, 2001, the property was worth no more than what plaintiff had paid for it, $35,000, which was his opinion of the value of the property as of October 1,1998.
, The expert emphasized that much of the property was below the grade of the adjoining road, and that two thirds was wetlands. He testified that he couldn’t see any use for the property, although on cross-examination, he conceded that the property might have some use.
Critically, he had no market data to support his opinion of value as of October 1, 2001. He conceded that the real estate market had generally gone up since October 1, 1998, but insisted that the value of the subject had remained unchanged. He had no comparable sales or other data to support that opinion.
A motion to dismiss at the close of plaintiffs ease made pursuant to R. 4:37-2(b) “shall be denied if the evidence, together with the legitimate inferences therefrom, could sustain a judgment in plaintiffs favor.” A trial court “is not concerned with the worth, nature or extent (beyond a scintilla) of the evidence, but only with its existence, viewed most favorably to the party opposing the motion.” Dolson v. Anastasia, 55 N.J. 2, 5-6, 258 A.2d 706 (1969).
In local property tax appeals, a municipality’s original tax assessment is entitled to a presumption of validity. Pantasote Co. v. City of Passaic, 100 N.J. 408, 412, 495 A.2d 1308 (1985).
The presumption attaches to the quantum of the tax assessment. Based on this presumption, the appealing taxpayer has the burden of proving that the assessment is erroneous. The presumption in favor of the taxing authority can be rebutted only by cogent evidence, a proposition that has been long settled. The strength of the presumption is exemplified by the nature of the evidence that is required to overcome it. That evidence must be “definite, positive and certain in quality and quantity to overcome the presumption.”
... The settled rule is that there is a presumption that an assessment made by the proper authority is correct and the burden of proof is on the taxpayer to show otherwise. And the taxpayer has not met this burden unless he has presented the appellate tribunal with sufficient competent evidence to overcome the presumption, *603 that is, to establish a true valuation of the property at variance with the assessment. In other words, it is not sufficient for the taxpayer merely to introduce evidence: the presumption stands until sufficient competent evidence is adduced to prove a true valuation different from the assessment. Such evidence must be definite, positive and certain in quality and quantity to overcome the presumption.
[Id. at 413, 495 A.2d 1308. (citations omitted) ].
The same presumption attaches to a judgment of the county board of taxation when it is the determination of that body that is challenged in the Tax Court. Byram Township v. Western World, Inc., 111 N.J. 222, 235, 544 A.2d 37 (1988).
In New Jersey, the search for “true value” focuses on the market value of the property. Glen Wall Associates v. Township of Wall, 99 N.J. 265, 281-82, 491 A.2d 1247 (1985). A current definition of market value is:
The most probable price, as of a specified date, in cash, or in terms equivalent to cash, or in other precisely revealed terms, for which the specified property rights should sell after reasonable exposure in a competitive market under all conditions requisite to a fair sale, with the buyer and seller each acting prudently, knowledgeably, and for self-interest, and assuming that neither is under undue duress.
[American Institute of Real Estate Appraisers, The Appraisal of Real Estate, 22 (12th ed.2001) ].
The taxpayer’s task in rebutting the presumption that the assessment is correct has been formulated as follows:
(1) The plaintiff must first overcome the presumption by presenting evidence sufficient to demonstrate the value of the subject property, thereby raising a debatable question as to the validity of the assessment ... |T]he plaintiff must present evidence sufficient to demonstrate that the appeal is “based on ‘sound theory and objective data’ rather than on mere wishful thinking.”
(2) If the defendant moves to dismiss at the close of the plaintiffs proofs, pursuant to R. 4:37-2(b), the court, in deciding whether the plaintiffs evidence satisfies the standard set forth in Item (1), must accept such evidence as true and accord the plaintiff all legitimate inferences which can be deduced from the evidence.
[MSGW Real Estate Fund, LLC v. Borough of Mountain Lakes, 18 N.J.Tax 364, 376 (Tax 1998) (citations omitted) ].
In this case, plaintiff presented evidence of the expert’s opinion of the value of the subject property as of October 1, 1998. That opinion relied upon a sales comparison approach. The expert’s opinion that “nothing had changed” between October 1, 1998 and October 1, 2001 notwithstanding a rising real estate market, was, however, unsupported by any facts in the record. His opinion as to the value of the subject property as of October 1, *604 2001 was therefore a net opinion, and does not provide competent proof of the value of the subject property which would rebut the presumption of the correctness of the judgment of the Monmouth County Board of Taxation. N.J.R.E. 703; Kazanchy v. Borough of Sea Bright, 6 N.J.Tax 622, 624 (App.Div.1984); Harclay House v. East Orange City, 18 N.J.Tax 564, 572 (Tax 2000), aff'd, 19 N.J.Tax 566 (App.Div.2001), certif. denied, 171 N.J. 338, 793 A.2d 716 (2002); Herman Holding Corp. v. Montvale Borough, 5 N.J.Tax 199, 208 (Tax 1983).
Plaintiff failed to establish a valuation of the subject property which presented a debatable question as to the validity of the assessment. Because the evidence, together with the legitimate inferences therefrom, did not overcome the presumption that the assessment was correct, and could not, therefore, sustain a judgment in plaintiffs favor, I granted the municipality’s motion.

 This opinion was originally written as a letter opinion dated October 21, 2003.